UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRANDON MARTEL NEWELL,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>WARDEN,<br><br>　　　　Respondent. | CAUSE NO. 1:25-CV-474-GSL-APR |

OPINION AND ORDER

Brandon Martel Newell, a prisoner without a lawyer, filed a habeas petition to challenge his sentence for burglary and robbery under Case No. 27D01-1609-F2-15. Following a jury trial, on July 20, 2017, the Grant Superior Court sentenced him as a habitual offender to 57 years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

This is not the first time Newell has sought federal habeas relief in connection with this conviction. He first attempted to obtain habeas relief in *Newell v. Warden*, 1:24-CV-367 (N.D. Ind. dismissed March 13, 2025), and the court denied his habeas petition. Pursuant to 28 U.S.C. § 2244(b), "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Because the Seventh Circuit Court of Appeals has not authorized Newell to

file a successive petition, Newell cannot proceed on one here, so the court dismisses this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the court denies Newell a certificate of appealability.

As a final matter, the court observes that Newell declared, under penalty of perjury, that he has never challenged this conviction before in federal court (ECF 1 at 2, 5), despite the dismissal of his prior habeas case just six months ago. While the court declines to issue sanctions at this time, the court cautions Newell against filing any further unauthorized habeas petitions challenging his conviction and sentence in Case No. 27D01-1609-F2-15 and against making material misstatements to the court.

For these reasons, the court:

(1) DISMISSES this case as an attempt to pursue an unauthorized successive petition in violation of 28 U.S.C. § 2244(b)(3)(A);

(2) DENIES Brandon Martel Newell a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on September 15, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT